**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES EX REL. JEFFREY P.
GOLDSTEIN,
         *Plaintiff-Appellant,*

             v.

FABRICARE DRAPERIES, INCORPORATED;
MICHAEL'S TEXTILE COMPANY,
         *Defendants-Appellees.*

No. 03-1460

UNITED STATES EX REL. JEFFREY P.
GOLDSTEIN,
         *Plaintiff-Appellant,*

             v.

SKYLINE MILLS,
         *Defendant-Appellee.*

No. 03-1461

UNITED STATES EX REL. JEFFREY P.
GOLDSTEIN,
         *Plaintiff-Appellant,*

             v.

PANATEX FABRICS, INCORPORATED,
         *Defendant-Appellee.*

No. 03-1462

UNITED STATES EX REL. JEFFREY P.
GOLDSTEIN,
        *Plaintiff-Appellant,*

        v.

LEONARD'S DRAPERIES, INCORPORATED;
CONTRACT DECOR, INCORPORATED;
EMPIRE DRAPERY COMPANY; VICTOR
ROME, INCORPORATED; ADM
INTERNATIONAL, INCORPORATED,
        *Defendants-Appellees.*

No. 03-1463

UNITED STATES EX REL. JEFFREY P.
GOLDSTEIN,
        *Plaintiff-Appellant,*

        v.

MILL END SHOPS, INCORPORATED,
        *Defendant-Appellee.*

No. 03-1464

UNITED STATES EX REL. JEFFREY P.
GOLDSTEIN,
        *Plaintiff-Appellant,*

        v.

JOHN CARROW, LTD., t/a Cresthill
Draperies,
        *Defendant-Appellee.*

No. 03-1465

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CA-01-1154-JFM, CA-01-1155-JFM, CA-01-1156-JFM,
CA-00-3459-JFM, CA-00-239-JFM, CA-00-240-JFM)

Argued: December 4, 2003

Decided: January 6, 2004

Before WILKINSON and DUNCAN, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Alan Mark Grayson, GRAYSON, KUBLI & HOFF-
MAN, P.C., McLean, Virginia, for Appellant. Douglas Warren
Baruch, FRIED, FRANK, HARRIS, SHRIVER & JACOBSON,
Washington, D.C., for Appellees. **ON BRIEF:** Victor A. Kubli,
GRAYSON, KUBLI & HOFFMAN, P.C., McLean, Virginia, for
Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

   This *qui tam* action concerns claims brought by the plaintiff, Jef-
frey Goldstein (Goldstein), under the False Claims Act (FCA), 31
U.S.C. §§ 3729-3733, alleging that certain companies engaged in the
business of supplying draperies, bedspreads, and/or related items to
the United States government, defrauded the government. The district
court dismissed Goldstein's amended complaints pursuant to Rule
9(b) of the Federal Rules of Civil Procedure. Goldstein appeals, and
we affirm.

I

For nearly three decades, Goldstein worked in every aspect of the manufacture and sale of draperies, bedspreads, blinds, and related hardware to federal agencies and the general public. He owned and operated Commercial Drapery Contractors, Inc. Goldstein also played a prominent role in the federal drapery contractor industry, as he headed the Association of Federal Drapery Contractors.

In 2000 and 2001, Goldstein filed seven *qui tam* complaints against twelve defendants. Only six of the complaints and eleven of the defendants (Leonard's Draperies, Inc., ADM International, Inc., Contract Decor, Inc., Empire Drapery Company, Victor Rome, Inc., Mill End Shops, Inc., Fabricare Draperies, Inc., Michael's Textile Company, Skyline Mills, Panatex Fabrics, Inc. (Panatex), and Cresthill Draperies (Cresthill)) are involved in this appeal. Each complaint contained two counts. Count One alleged that each defendant presented false claims to the government for payment, *id.* § 3729(a)(1). Count Two alleged that each defendant fraudulently induced the government to make payments on claims, *id.* § 3729(a)(2).

As the FCA requires, Goldstein filed his complaints *in camera* and under seal, serving only the Attorney General and the United States Attorney for the District of Maryland. *Id.* § 3730(b)(2). The government declined to intervene, but it permitted Goldstein to proceed against the defendants. *Id.* §§ 3730(b)(1), 3730(c)(3). The district court ordered the complaints unsealed and served.

The defendants named in four of the seven complaints moved to dismiss the complaints for failure to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. On October 8, 2002, the district court dismissed the four complaints as insufficient under Rule 9(b), but granted leave to amend.

Panatex, Cresthill, and another defendant not involved in this appeal did not move to dismiss the complaints filed against them. Cresthill filed an answer. After it filed its answer, Cresthill filed a motion for judgment on the pleadings under Rule 12(c). On February 11, 2003, the district court granted Cresthill's Rule 12(c) motion for

judgment on the pleadings. In the order, the district court granted Goldstein leave to amend his complaint against Cresthill.

Due to a delay in the service of the complaint against Panatex, the date Panatex was required to file a responsive pleading occurred after the district court entered its October 8, 2002 orders dismissing four of the seven complaints. As a result, Panatex and Goldstein agreed to a stipulated schedule for an amended complaint to be filed in the Panatex case.

Between November 27, 2002 and February 26, 2003, Goldstein filed his amended complaints. The gist of Goldstein's amended complaints is that the defendants lied to the General Services Administration (GSA) in order to obtain a series of lucrative GSA Multiple Award Schedule (MAS) contracts and then lied to keep them.* GSA, through the Federal Supply Service, solicits, negotiates, awards, and administers MAS contracts to supply commonly-used products and services to all federal agencies. The MAS process allows the government to obtain, through a simplified process, commonly used supplies and services at prices associated with volume buying. GSA negotiates and approves a supplier's offer to sell specific items at set prices. Thereafter, procuring agencies are not required to conduct competitive bidding when making purchases. As a result, suppliers generally covet MAS contracts.

To be considered for an MAS contract, a supplier must certify to the government that it meets certain specific requirements. For example, a supplier must certify that it is a manufacturer or regular dealer of the solicited items, so as to avoid sales to the government by middlemen, who tend to boost prices and insulate the true supplier from liability. In its proposal, the supplier must also certify that its prices are based on established catalog or market prices of commercial items sold in substantial quantities to the general public. Moreover, a supplier must agree to disclose all discounts and rebates during the life of the MAS contract and must sell only approved items at approved prices.

---

*The record reflects that Goldstein was "indicted for, and pled guilty to, some of the same practices described in the [amended complaints] in relation to each of the Defendants." (J.A. 216).

Goldstein alleges that the defendants engaged in fraudulent conduct with regard to two GSA solicitations, one for the period of 1990 to 1995, and the other for the period of 1995 to 1999. By these solicitations, GSA sought proposals from qualified suppliers of draperies, bedspreads, blinds, and related hardware and items. The vast majority of the FCA claims brought by Goldstein allege that the defendants were unqualified for any MAS contract, *i.e.*, that the defendants fraudulently induced the government into awarding the MAS contracts to the defendants by making numerous false statements in their respective proposals. Goldstein alleges, *inter alia*, that the defendants were untruthful when they certified in their respective proposals that their prices were based on established catalog or market prices of commercial items sold in substantial quantities to the general public. He also alleges that the defendants used falsified price lists in their respective proposals. Goldstein makes the further allegation that the defendants were often untruthful when they certified in their respective proposals that they were the manufacturer of the goods they were selling the government.

In response to Goldstein's amended complaints, the defendants involved in this appeal filed motions to dismiss pursuant to Rule 9(b). In March and April 2003, the district court dismissed the amended complaints without leave to amend, concluding that the amended complaints did not comply with Rule 9(b). Goldstein noted timely appeals and we consolidated the appeals for disposition.

II

On appeal, Goldstein contends that the district court erred when it dismissed the amended complaints as insufficient under Rule 9(b). He further contends that the district court was precluded from dismissing the amended complaint against Cresthill under Rule 9(b) because Cresthill filed an answer to the original complaint and engaged in some discovery.

Having reviewed the briefs, the record, the arguments of counsel, and the relevant law, we hold that the district court correctly concluded that Goldstein's amended complaints did not set forth the time, place, content, and individuals involved in the alleged frauds with the requisite particularity as required by Rule 9(b). *Harrison v. Westing-*

*house Savannah River Co.*, 176 F.3d 776, 784-94 (4th Cir. 1999). Moreover, we find no merit to Goldstein's contention that the district court was precluded from dismissing the amended complaint against Cresthill pursuant to Rule 9(b). Accordingly, we affirm.

*AFFIRMED*